UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| ARcare, Inc., an Arkansas Corporation, on behalf of itself and all others similarly situated,<br><br>     Plaintiff,<br>v.<br><br>Centor US Holding, Inc; and Centor, Inc.<br><br>     Defendant. | No. 3:17-cv-891<br><br>CLASS ACTION COMPLAINT<br><br>JURY TRIAL DEMANDED |

## CLASS ACTION COMPLAINT

Plaintiff, ARcare, Inc. ("Plaintiff"), on behalf of itself and all others similarly situated, brings this Complaint against Defendant Centor US Holding, Inc. and Defendant Centor, Inc. (collectively "Defendants") for violations of the federal Telephone Consumer Protection Act. Plaintiff seeks certification of its claims against Defendants as a class action. In support, Plaintiff states as follows:

### INTRODUCTION

1. This case challenges Defendant's policy and practice of faxing advertisements without obtaining Plaintiff's prior express permission beforehand.

2. Congress enacted the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, to regulate the fast-growing expansion of the telemarketing industry. As is pertinent here, the TCPA and its implementing regulations prohibit persons within the United States from sending certain advertisements via fax.

3. Junk faxes disrupt recipients' peace, drain recipients' paper, ink, and toner, and cause recipients tangible damages. Junk faxes also cause recipients to waste valuable time retrieving and discerning the purpose of the faxes; prevent fax machines from receiving and sending authorized faxes; and cause unnecessary wear and tear on recipients' fax machines.

1

Plaintiff offers pharmaceutical services and must use its fax machine to receive communications about patients. That purpose is impeded when Plaintiff's fax machine is invaded by junk faxes.

4. The TCPA provides a private right of action and statutory damages of $500 per violation, which may be trebled when the violation is willing or knowing.

5. On behalf of itself and all others similarly situated, Plaintiff brings this case under the TCPA to recover declaratory relief, damages for violations of the TCPA, and an injunction prohibiting Defendants from future TCPA violations.

**JURISDICTION AND VENUE**

6. This Court has personal jurisdiction over Defendants because they operate their businesses in Ohio.

7. This Court has subject-matter jurisdiction over Plaintiff's TCPA claim pursuant to 28 U.S.C. § 1331.

8. Venue in this district is proper because this is the district in which Defendants reside.

**PARTIES**

9. Plaintiff ARcare is an Arkansas non-profit corporation located in Augusta, Arkansas.

10. Defendant Centor US Holdings, Inc. is a company that supplies pharmacies with plastic containers for packaging drugs. It has its principal place of business in Perrysburg, Ohio, and is organized under the laws of Delaware.

11. Defendant Centor, Inc. is a company that supplies pharmacies with plastic containers for packaging drugs. It has its principal place of business in Perrysburg, Ohio, and is organized under the laws of Delaware.

## FACTS

12. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

13. During the Class Period, Defendants sent an unsolicited advertisement to Plaintiff's ink-and-paper facsimile machine. The fax refers to itself as a "Prescriptionware Ordering Guide," and displays various vials available for sale from Defendants. The fax also includes a phone number for further contact with Defendants. A copy of this facsimile is attached hereto and marked as Exhibit A.

14. Exhibit A is an exemplar of the junk faxes Defendants send.

15. Centor US Holdings, Inc. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

16. Centor, Inc. is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

17. Upon information and belief, Plaintiff has received multiple fax advertisements from Defendants similar to Exhibit A.

18. Defendants did not have Plaintiff's prior express invitation or permission to send advertisements to Plaintiff's fax machine.

## CLASS ALLEGATIONS

19. In accordance with Fed. R. Civ. P. 23, Plaintiff brings this action under the Telephone Consumer Protection Act, 47 U.S.C. § 227, on behalf of the following class of persons (the "Class"):

> All persons and entities who held telephone numbers that received one or more telephone facsimile transmissions that promoted the commercial availability or quality of property, goods or services offered by "Centor."

20. Plaintiff reserves the right to modify or amend the definition of the proposed Class before the Court determines whether certification is proper, as more information is gleaned in discovery.

21. Excluded from the Class are Defendants, any parent, subsidiary, affiliate, or controlled person of Defendants, as well as the officers, directors, agents, servants, or employees of Defendants and the immediate family members of any such person. Also excluded are any judge who may preside over this case and any member of such judge's staff and immediate family, any attorneys representing Plaintiff or the Class, and any claims for personal injury, wrongful death, and/or emotional distress.

22. <u>Numerosity [Fed R. Civ. P. 23(a)(1)]</u>. The Members of the Class are so numerous that joinder is impractical. Upon information and belief, Defendants have sent illegal fax advertisements to hundreds if not thousands of other recipients.

23. <u>Commonality [Fed. R. Civ. P. 23(a)(2)]</u>. Common questions of law and fact apply to the claims of all Class Members and include (but are not limited to) the following:

    a. Whether Defendants sent faxes promoting the commercial availability or quality of property, goods, or services;

    b. The manner and method Defendants used to compile or obtain the list(s) of fax numbers to which they sent the faxes attached as <u>Exhibit A</u> to Plaintiff's Class Action Complaint and other unsolicited fax advertisements;

    c. Whether Defendants faxed advertisements without first obtaining the recipient's express permission or invitation;

    d. Whether Defendants sent fax advertisements knowingly or willfully;

    e. Whether Defendants violated 47 U.S.C. § 227;

  f.  Whether Plaintiff and the other Class members are entitled to statutory damages;

  g.  Whether the Court should award trebled damages; and

  h.  Whether Plaintiff and the other Class Members are entitled to declaratory, injunctive, or other equitable relief.

24. <u>Typicality [Fed. R. Civ. P. 23(a)(3)]</u>. Plaintiff's claims are typical of the claims of all Class Members. Plaintiff received unsolicited fax advertisements from Defendants during the Class Period. Plaintiff makes the same claims that it makes for the Class Members and seeks the same relief that it seeks for the Class Members. Defendants have acted in the same manner toward Plaintiff and all Class Members.

25. <u>Fair and Adequate Representation [Fed. R. Civ. P. 23(a)(4)]</u>. Plaintiff will fairly and adequately represent and protect the interests of the Class. It is interested in this matter, has no conflicts, and has retained experienced class counsel to represent the Class.

26. <u>Predominance and Superiority [Fed. R. Civ. P. 23(b)(3)]</u>. For the following reasons, common questions of law and fact predominate and a class action is superior to other methods of adjudication:

 (a) Proof of Plaintiff's claims will also prove the claims of the Class without the need for separate or individualized proceedings;

 (b) Evidence regarding defenses or any exceptions to liability that Defendants may assert, if any, will come from Defendants' records and will not require individualized or separate inquiries or proceedings;

 (c) Defendants have acted and continue to act pursuant to common policies or practices in the same or similar manner with respect to all Class Members;

(d) The amount likely to be recovered by individual Members of the Class does not support individual litigation. A class action will permit a large number of relatively small claims involving virtually identical facts and legal issues to be resolved efficiently in one proceeding based on common proofs;

(e) This case is inherently well-suited to class treatment in that:

    (i) Defendants identified persons or entities to receive their fax transmissions, and it is believed that Defendants' computer and business records will enable Plaintiff to readily identify Class Members and establish liability and damages;

    (ii) Common proof can establish Defendants' liability and the damages owed to Plaintiff and the Class;

    (iii) Statutory damages are provided for in the statutes and are the same for all Class Members and can be calculated in the same or a similar manner;

    (iv) A class action will result in an orderly and expeditious administration of claims, and it will foster economies of time, effort, and expense;

    (v) A class action will contribute to uniformity of decisions concerning Defendants' practices; and

    (vi) As a practical matter, the claims of the Class are likely to go unaddressed absent class certification.

## CLAIMS FOR RELIEF

### COUNT ONE
**Knowing and/or Willful Violations of the Telephone Consumer Protection Act**
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

27. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

28. The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

29. The TCPA makes it unlawful to send any "unsolicited advertisement." 47 U.S.C. § 227(b)(1)(C). "Unsolicited advertisement" is defined as "any material advertising the commercial availability or quality of any property, goods, or services which is transmitted to any person without that person's prior express invitation or permission, in writing or otherwise." 47 U.S.C. § 227(a)(5).

30. Unsolicited faxes are illegal if the sender and recipient do not have an "established business relationship." 47 U.S.C. § 227(b)(1)(C)(i). "Established business relationship" is defined as "a prior or existing relationship formed by a voluntary two-way communication between a person or entity and a business or residential subscriber with or without an exchange of consideration, on the basis of an inquiry, application, purchase or transaction by the business or residential subscriber regarding products or services offered by such person or entity, which relationship has not been previously terminated by either party." 47 U.S.C. § 227(a)(2); 47 C.F.R. § 64.1200(f)(6).

31. Defendants faxed unsolicited advertisements to Plaintiff, in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

32. Defendants knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendants to fax advertisements about their services and products; and (b) that Exhibit A is an advertisement.

33. Defendants' actions caused actual damage to Plaintiff and the Class Members. Defendants' junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendants' faxes through Plaintiff's and the Class Members' fax machines. Defendants' faxes cost Plaintiff and the Class Members time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

34. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 et seq., Plaintiff and each member of the Class are entitled to treble damages of up to $1,500.00 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

35. In addition to statutory damages (and the trebling thereof), Plaintiff and the Class are entitled to declaratory and injunctive relief under the TCPA.

## COUNT TWO
### Statutory Violations of the Telephone Consumer Protection Act
*47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4)*

36. Plaintiff hereby incorporates by reference each of the preceding paragraphs as though fully set forth herein.

37. The TCPA provides strict liability for sending fax advertisements in a manner that does not comply with the statute. Recipients of fax advertisements have a private right of action to seek an injunction or damages for violations of the TCPA and its implementing regulations. 47 U.S.C. § 227(b)(3).

38. Defendant faxed unsolicited advertisements to Plaintiff that did not have compliant opt-out notices, in violation of 47 U.S.C. § 227(b)(1)(C) and 47 C.F.R. § 64.1200(a)(4).

39. Defendant knew or should have known (a) that Plaintiff had not given express invitation or permission for Defendant to fax advertisements about its products; and (b) that Exhibit A is an advertisements.

40. Defendant's actions caused actual damage to Plaintiff and the Class Members. Defendant's junk faxes caused Plaintiff and the Class Members to lose paper, toner, and ink consumed in the printing of Defendant's faxes through Plaintiff's and the Class Members' fax machines. Defendant's faxes cost Plaintiff and the Class Members time that otherwise would have been spent on Plaintiff's and the Class Members' business activities.

41. As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and each member of the Class are entitled to an award of $500.00 for each and every violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

42. In addition to statutory damages, Plaintiff and the Class are entitled to declaratory and injunctive relief under the TCPA.

## REQUEST FOR RELIEF

WHEREFORE Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

    a) Determine that this action may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure;

    b) Declare Defendants' conduct to be unlawful under the TCPA;

      c)     Award damages under the TCPA for each willful or knowing violation in the amount of actual monetary loss or up to treble statutory damages of $1,500, whichever is greater;

      d)     Award $500 in statutory damages under the TCPA for each violation;

      e)     Enjoin Defendants from additional violations;

      f)     Award Plaintiff and the Class their attorneys' fees and costs;

      g)     Grant such other legal and equitable relief as the Court may deem appropriate.

## JURY DEMAND

Plaintiff and the Members of the Class hereby request a trial by jury.

DATED: April 27, 2017       Respectfully submitted,

By:    /s/ Michael J. Boyle, Jr.AR

    David P. Meyer (Ohio Bar No. 0065205)
    Email: dmeyer@meyerwilson.com
    Matthew R. Wilson (Ohio Bar No. 0072925)
    Email: mwilson@meyerwilson.com
    Michael J. Boyle, Jr. (Ohio Bar No. 0091162)
    Email: mboyle@meyerwilson.com
    MEYER WILSON CO., LPA
    1320 Dublin Road, Ste. 100
    Columbus, OH 43215
    Telephone: (614) 224-6000
    Facsimile: (614) 224-6066

    and

    Randall K. Pulliam, Esq. (pro hac vice to be submitted)
    rpulliam@cbplaw.com
    **CARNEY BATES & PULLIAM, PLLC**
    519 West 7th Street
    Little Rock, Arkansas 72201
    Telephone: (501) 312-8500
    Facsimile: (501) 312-8505